USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/22/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    PATSY COMUNALE,
                              Plaintiff,

          -against-

    JEFFREY RACKOVER,
                              Defendant.
------------------------------------------------------------X

17 Civ. 5689 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

    This action, removed from the Supreme Court of the State of New York, New York County, concerns the concealment of the body of the mutilated murder victim, Joey Comunale, Plaintiff's 26-year-old son. Plaintiff Patsy Comunale moves to remand the case to state court and seeks attorneys' fees and costs resulting from the removal. For the following reasons, Plaintiff's motion to remand is granted, and her application for attorneys' fees and costs is denied.

**I.    BACKGROUND**

    On June 25, 2017, Plaintiff commenced this action in New York State Supreme Court, County of New York. The Complaint alleges that Plaintiff is a citizen of the State of Connecticut and Defendant is a citizen of the State of New York. The Complaint raises two state common law claims: (1) violation of the right of sepulcher; and (2) intentional infliction of emotional distress. The parties do not dispute that the amount in controversy exceeds $75,000. On July 19, 2017, Plaintiff filed an affidavit of service, stating that Defendant was personally served on June 27, 2017, and was served by mail at Defendant's personal residence and actual place of business on June 29, 2017. On July 26, 2017, Defendant timely removed this action to

this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity jurisdiction. Because substituted service was made by leaving copies of the Summons and Complaint with doormen, service of process was not considered to be complete until July 29, 2017, 10 days after the filing of the affidavit of service. CPLR § 308(2); *see also Creative Kids Far E., Inc. v. Griffin*, No. 15 Civ. 6027, 2016 WL 8710479, at *2 (S.D.N.Y. Jan. 22, 2016) ("[S]ubstituted service in New York is only complete upon the expiration of ten days after proof of service is filed.") (internal citations omitted). On July 30, 2017, Defendant filed an Amended Notice of Removal. In addition to repeating the same basis for removal, the Amended Notice clarified that because Defendant filed the Notice of Removal prior to the date on which he was "properly joined and served," the removal is proper despite Defendant's being a New York citizen. *See* 28 U.S.C. § 1441(b)(2) (stating that an action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the parties "properly joined and served as defendants" is a citizen of the forum state).

On August 21, 2017, Plaintiff moved to remand this action to the state court pursuant to 28 U.S.C. § 1447(c), and requested that this Court award attorneys' fees and costs associated with the removal action.

## II. LEGAL STANDARD

"Where a removal is challenged, the removing party 'bears the burden of showing that federal jurisdiction is proper.'" *Landesbank Baden–Wurttemberg v. Capital One Fin. Corp.*, 954 F. Supp. 2d 223, 225 (S.D.N.Y. 2013) (quoting *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011)). "It frequently is said that federal courts should strictly construe the general removal statute and resolve doubts in favor of remand." 14B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3721 (4th ed.) (citing *Shamrock Oil &*

*Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). However, "the federal court should be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum." *Contitrade Servs. Corp. v. Eddie Bauer, Inc.*, 794 F. Supp. 514, 516 (S.D.N.Y. 1992) (citation and internal quotation marks omitted).

The forum defendant rule prohibits removal if "any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The parties not "properly joined and served" are disregarded for the purpose of the forum defendant rule. *In re IntraLinks Holdings, Inc. Derivative Litig.*, No. 11 Civ. 9636, 2013 WL 929836, *1 (S.D.N.Y. Mar. 11, 2013); *see* 28 U.S.C. § 1441(b)(2). "The rationale behind this rule is that federal diversity jurisdiction is not necessary to protect defendants from state-court bias (the original purpose of diversity jurisdiction) when the defendant is a citizen of the forum [state] and thus, if anything, stands to benefit from any possible state-court bias." *In re IntraLinks Holdings, Inc.*, 2013 WL 929836, at *1. In New York, service of process is deemed complete ten days after the filing of proof of service. CPLR § 308(2); *accord Creative Kids*, 2016 WL 8710479, at *2.

The "properly joined and served" restriction in the removal statute prevents abuse of the foreign defendant rule by improper joinder of a defendant who is never served and never becomes a genuine party to the lawsuit. *In re: Propecia (Finasteride) Prods. Liab. Litig.*, No. 12 Md. 2331, 2016 WL 5921070, at *1 (E.D.N.Y. Oct. 11, 2016). The Second Circuit has not addressed whether the forum defendant rule bars removal of an action by an in-state defendant before the completion of service of process.

## III. DISCUSSION

### A. Forum Defendant Rule

The forum defendant rule bars Defendant's removal of the action to this Court, even though service of process was not complete at the time of removal. *See, e.g.*, *id.*, at *1 (finding that the forum defendant rule bars an in-state defendant's removal to federal court even though the process of service was not complete at the time of removal); *Fiskus v Bristol-Myers Squibb Co.*, No. 14 Civ. 3931, 2014 WL 4953610, at *2 (S.D.N.Y. Oct. 1, 2014) (same); *In re Intralinks Holdings*, 2013 WL 929836, at *1 (same); *but see, e.g.*, *Cheung v. Bristol-Myers Squibb Co.*, No. 17 Civ. 6223, 2017 WL 4570792, at *4 (S.D.N.Y. Oct. 12, 2017) (denying motion to remand cases that were part of a products liability multi-district litigation because the process of service on the in-state defendants was not complete at the time of removal); *Deveer v. Gov't Emps. Ins. Co.*, No. 07 Civ. 4437, 2008 WL 4443260, at *4 (E.D.N.Y. Sept. 26, 2008) (same). Generally, the plain language of a statute controls its interpretation, but a court may look outside the text of the statute where its literal application would lead to an absurd result. *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 693 (1974); *accord Eicher v. Macquarie Infrastructure Mgmt. (USA) Inc.*, 12 Civ. No. 5617, 2013 WL 4038601, at *8 (S.D.N.Y. Aug. 8, 2013).

Here, the sole defendant is a citizen of the State of New York. Plaintiff brings only state law claims. To permit removal simply because it occurred days before service on the in-state defendant was complete would lead to an irrational result. "[F]ederal diversity jurisdiction is not necessary to protect defendants from state-court bias . . . when the defendant is a citizen of the forum suite and thus, if anything, stands to benefit from any possible state-court bias." *In re Intralinks Holdings*, 2013 WL 929836, at *1. And Defendant is a genuine party to the lawsuit. There is no justification for permitting Defendant here to remove the case to federal court. To permit removal in these circumstances would encourage a race to removal by in-state defendants

and the kind of gamesmanship that the "properly joined and served" restriction was intended to prevent. *See, e.g.*, *Fiskus*, 2014 WL 4953610, at *2; *In re Intralinks Holdings*, 2013 WL 929836, at *3. This result is consistent with the state of the law in the Second Circuit, which "construe[s] the removal statute narrowly, resolving any doubts against removeability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).

## B. Attorneys' Fees and Costs

Plaintiff's request for attorneys' fees is denied. Although attorneys' fees and expenses incurred as a result of removal may be awarded, 28 U.S.C. § 1447(c), they are not warranted here. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (internal citation omitted).

Plaintiff has not shown any "unusual circumstances" that warrant an award of attorneys' fees and costs, nor has she shown that Defendant "lacked an objectively reasonable basis for seeking removal." *Id.* This matter meets the requirements for diversity jurisdiction, the Second Circuit has not addressed the pre-service removal question and the courts in this district disagree on this issue. Accordingly, Plaintiff's application for attorneys' fees and costs is denied.

## IV. CONCLUSION

Plaintiff's motion to remand is GRANTED, and this case is REMANDED to state court. Plaintiff's application for attorneys' fees and costs is DENIED.

Pursuant to section 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, New York County. The Clerk of Court is further directed to close the case and terminate any outstanding motions, deadlines and conferences.

SO ORDERED.

Dated: December 22, 2017
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**